Good morning, Your Honors. Jessica Agatstein, Federal Defenders, on behalf of Mr. Klensch. I'm going to try and reserve two minutes and I'll keep my eye on the clock. This case should be remanded for resentencing for two reasons. First, the District Court denied minor role with reasoning the Sentencing Commission has specifically disapproved of. And second, when used in I think there is evidence standard below even a preponderance. So first, on minor role. The Court's only statement of law here was wrong. So the Commission has disapproved of denying role for doing an essential thing. Here, transporting the individuals. Instead, the District Court should have compared Mr. Klensch to likely participants in the enterprise. And for that reason alone, we'd ask this Court reverse and remand for resentencing. I have a question about that. It's your burden as the defense to demonstrate that the minor role reduction applies. And I agree with you that the case law says that the proper analysis is a comparison of the people in this criminal activity, not just people who engage in this generally. The record doesn't have almost any information about other people involved other than the one person that the defendant says hired him or asked him to go and pick up the people. So to the extent that the District Court didn't do an extensive analysis of the defendant as compared to other people involved, doesn't the defendant have some responsibility for that? Because there's nothing in the record about any other people to compare to. Well, there is the home inspector. And that is in the pre-sentence report. And we did provide some more details about the home inspector and the objections to the pre-sentence report. And that person alone is enough to do that comparison. In fact, in Rodriguez, the Court says, you know, often people in a situation of a minor role are going to have less information about the extent of the enterprise. But so long as they can identify one likely person, that's enough. So is that your argument is just that the District Court should have done a more comparative analysis between your client and the home inspector that asked him to pick up the people? That's one part of the argument. I think the District Court should have done any analysis. I think the most important thing, though, is relying on the fact that he was a transporter here. And that reasoning sort of echoed from the pre-sentence report through. So the pre-sentence report, the probation officer originally said Clench was the driver of the vehicle in this report. He was less culpable. So we objected, saying being the transporter is not determinative when it comes to minor role. We provided several more pages of case-specific information about how much Mr. Clench did know compared to what we think he thought the home inspector knew. Then the probation officer, in response, says, same as before, I stick to the original recommendation. The government didn't provide any sort of correct minor role analysis. Any case law just said they didn't recommend. And then the court echoed the probation officer's original assessment, saying only Mr. Clench was the one transporting. There isn't enough information. Do you think it would have been sufficient if the District Court had said, as compared to the home inspector who called him up and asked him to pick up the people, I don't find that the minor role reduction is warranted because he was the transporter. Would that have been sufficient? I think it would still have the transporter issue. It would be much closer to being sufficient. But I think relying on the fact that he was essential here, that just as in a possession with intent to distribute case, saying, well, he was the one who possessed it, so his role can't be minor. I think the Sentencing Commission specifically worked to disapprove of those essential act in the chain. It's about their understanding, their planning, their understanding of the larger enterprise. It's that. But to Your Honor's point, that explicit comparison would have been much closer to the correct analysis. Does this court have any other issues on the minor role or any other questions on the... I sort of have a... It's almost a background question, but there is not too much in this record about the district court's thought process and coming to that conclusion. So what can we do? We can just... How do we review it? Do we just review the record, I guess in this case mostly the PSR, to see what's in there and just sort of, I don't know, imagine the argument that would support the district court's finding? I don't think this court needs to do that here. And that's in part because the district court got the law wrong. And so because this court is doing de novo review on whether it got the law right or the law wrong, it can simply remand for resentencing. When you say the law wrong because of his comment about the essential person or something like that? Yes, that's correct. Okay, thank you. Just a quick point on harmless error. The district court intended to impose a low-end sentence here. And so I think particularly given the government's significantly lower sentencing recommendation than even what the correct low-end sentence would be on minor role, I think this is not a rare case where this court wouldn't remand for resentencing. And then briefly on the stun gun issue. So I think the court used a very low standard of proof to apply that enhancement. And given that the government comes to the sort of logical relationship point by a totally different route, but given that in the end we agree there has to be some relationship between the stun gun and the offense, whether through relevant conduct principles or through the canon of the company it keeps, this court should remand for an analysis, even if it finds that only a preponderance applies. And on the clear and convincing point on existing case law, I believe we have a proper argument on that. But I also recognize this court is considering whether to take the clear and convincing issue on Bonk right now and Lucas. And I would just urge this court not to wait for that case. I think given, you know, Mr. Clench under this higher sentence is already set to be released, I believe April was the last time I checked. And so on Bonk proceedings, I would urge this court not to wait for those proceedings to remand for resentencing, particularly given the very low standard of proof. I think whether it's a and instead apply to, I think there is evidence one here. What do you understand to be the primary sentencing law question in the in-bank cases? Whether this court applies or whether a district court should apply a preponderance standard regardless of the size of the enhancement or whether it should apply a clear and convincing standard. But I think under either, whichever body of law ultimately applies because the district court applied an even lower standard of proof, this court can remand without resolving that exact question. And just to be clear, your argument on that point is that there wasn't enough evidence to support the enhancement because it was present, but there was nothing to indicate it was being used in this. It was not that there wasn't enough evidence, it's that the district court applied the wrong evidentiary burden of proof. So recognizing I am low on time, but I will say it's a standard of proof question. We're not arguing an insufficient evidence question here. So, you know, if we conclude it's preponderance, isn't your argument that that standard wasn't met? Not that it wasn't met, it's that the district court didn't apply it. The district court said, I think there is evidence. There may be evidence. Oh, so it's a magic words thing that you're talking about, like the district court didn't say by a preponderance of the evidence? It's not that the district court didn't say by a preponderance, it's that she said something else. You know, obviously there are no magic words requirements or very few in law, but because the district court said something other than, said I think, let me get the right, said I think there is evidence. I missed it. You said what I think what? And I think that is there evidence. That's the direct quote. I think maybe the court reporter caught it wrong, but that is it. Okay, thank you. Good morning, Your Honors. May it please the court. Andrew Chang for the United States. I'd like to start by defending the district court's analysis in its sentencing in regard to minor role. The defendant in this case told a facially implausible story in the hope of receiving a minor role reduction, and this story was inconsistent with the facts in the record. The defendant claimed that he believed he was innocently going to the border to pick up laborers, when in fact the facts showed that he armed himself with a dangerous weapon, he hired someone to come along with him, and he rented a car. And when these passengers entered into his vehicle, he never told them to leave, despite knowing at that point what he was doing was illegal. The district judge in this case rejected that story. It rejected his contention that he had engaged in conduct that was unpremeditated. The court asked him during sentencing, why did you bring a stun gun? And then the court made the finding that that stun gun was used for the purpose of facilitating the offense, to use against anyone who might challenge him as he was committing that offense. Now this finding is important because it goes not just to the question about the nexus of the firearm, but it goes to the judge's thinking in denying minor role as well. The judge in making that statement essentially repudiated the defendant's claim that he did not set out that day to commit a crime. Well, then what facts did he depend on, the judge? What the judge said was, I find that this person possessed the weapon for the purpose of... Well, I thought you were addressing the minor role. I am addressing the minor role. Even though the court made that statement when she was assessing the weapon enhancement issue, it revealed her thinking and her analysis for why she denied minor role. It explained what she was saying when she said, Mr. Clinch, in this case, did not provide sufficient evidence to establish that he was entitled to minor role. And those facts are in the record. And what are... Yeah. It's the defendant's burden to prove entitlement to the minor role. It is absolutely the defendant's burden. And when you provide the court with a story that is not truthful and the court finds that it is not truthful, you don't get to meet that burden. And there's also no way for the court to engage in a reasoned analysis of minor role when the court does not have a true picture of the defendant's conduct. The court cannot compare the defendant in any meaningful way to the other participants in the offense. How is that possible when it was clear in the record that you had this one other person, the person who apparently called him up and said, hey, go pick up these people. So we've got at least one other person involved in this. And I can't find anything in what the district court said at sentencing to indicate that he was weighing he or she, I don't remember, was weighing the relative activities of the defendant and that person. And that's what the sentencing guidelines require, isn't it? The sentencing guidelines do require that, but the guidelines also presume that the defendant has to provide a truthful account to the court in order for the court to make a reasoned analysis. Well, there was nothing about what the court said to suggest that it didn't believe that there was this person who called up the defendant and got this thing going. I mean, is there anything in the record to tell us that the district court made a The court didn't find that that other person did not exist, but the court the record shows that the court didn't buy the defendant's story of who that other person was in relation to the defendant. The defendant claimed that it was someone who had duped him into committing the act. But I think the reasoning tends to show that the judge did not believe that story and that the defendant had much more knowledge about who that person was and what his relationship with that person was than the defendant was revealing in the sentencing. So if all of that is true, wouldn't you still expect the district court to make some sort of comparative statement about the two people? I don't believe that that guy was really the mastermind behind this or the instigator or whatever. But we don't have any statements like that. We just have no statements whatsoever. Well, the court did make a comparative statement, Your Honor, and the court when the court stated Mr. Clinch was the one who was transporting the individuals. I read that as a comparative statement, and I don't read that statement as a statement about his essentialness or his indispensability in the offense. But I read that statement as the court's recognition that by virtue of the fact that Mr. Clinch was the one who was transporting the individuals in a smuggling operation, he played a uniquely and inherently culpable role because he was the only person who had complete control over the safety and welfare of the passengers in his car. In a typical smuggling offense from the Southern District of California, a transporter is there's live people in his car, there's border agents who are roaming the area, and there's checkpoints that are established specifically to interdict human smuggling. And so, you know, the transporter really is the captain of the ship. He's making the big decisions about how to get the human cargo in his vehicle to their destination in a way in which his passengers are not detected, in which his passengers are not injured or worse, and at the same time maintaining complete control over the people who he's transporting. And I think the facts of this case in the PSR really bear that out. You know, Mr. Clinch came armed. He came with a person that he hired to come along. He rented a car. And when the people were hiding in the back of his vehicle, I don't think there's any question that they were hiding there because Mr. Clinch was the one that instructed them to do that. So when the court said Mr. Clinch was the one who was transporting the individuals, I do not read that as a statement about his indispensability. And I would urge the court to read the statement for what it is, a statement about Mr. Clinch's inherent and unique culpability in the crime. Well, I think you make some really great points, and logically they work. The struggle in this case is if you're asking us to give more substance to what the district court actually said. Well, so I have a question about that because am I not correct in understanding that through written objections and I believe at the sentencing stage, at the beginning the judge said I have looked over all the documents, I've seen the written objections, and the written objections outlined the issue of minor role. Am I correct about that? That's absolutely right. That's correct. Okay. And then at sentencing, the argument, the discussion was about minor role, and that was raised before the judge. That's correct. Okay. So then when the judge said, do you think it was sufficient then when the judge said, look, I see that you transported, and I'm not granting minor role. Do you think that was sufficient at that point, or did he have to say something more? I think it's sufficient, and you know, I do think it is sufficient. And I think it's sufficient for two reasons. First, as your Honor mentioned, the court said that it had read the objections that were filed in support of minor role. And those objections laid out those five factors that the court's supposed to go over. And those objections also stated pretty specifically you cannot make indispensability determinative. So I think it's implausible that the court would read that and then go ahead and make the prohibited analysis. So I think that's another reason why it's more plausible to read the court's statement in the way that we have read it. And you know, the Ninth Circuit's case law is clear. A court does not always have to go to show its work step-by-step when its reasoning can be inferred from the record. Is that right, given our decision in Dominguez-Sosaito, where it specifies a three-step process? Step one, identify all of the participants in this criminal activity. Step two, average their relative culpability. I'm not even sure quite how that works, but it's nonetheless the step. And then step three is compare that average that you've calculated to the defendant. So if our court has set out those three steps that have to be met in doing this minor role reduction, how can we say that the district court doesn't have to show its work that it went through the three steps? What Dominguez-Sosaito and Rodriguez say is that the briefs submitted by the parties. Simply because the court doesn't, on the record, go through those steps step-by-step does not mean that the court engaged in error. I think if the facts are strong enough and the facts can be inferred from the record, supporting why the judge did what she did, I think that the court can affirm based on those facts, even without the court expressly ticking off each step in that analysis. If we disagree with you, what do we do? Well, I think the court can find, I don't think there's any reason to remand this case because I don't think the defendant can show that had the judge did anything different that he would have received minor role. At the end of the day, he still played a very close account of what he was doing to the court. And he brought a dangerous weapon to a crime that endangered the people in his car. And he stored the weapon in a location that had a whole bunch of drugs in it. So I don't think that there's any way that if this court remands that the court would do anything different. And I would ask the court to not remand. Thank you. So two quick points. First, harmlessness is the government's burden to show. It's not ours. And I think they haven't met that here. But second, I did want to say the government had an opportunity to question Mr. Clunch's story and the truthfulness of it before the district court. It did not object to the pre-sentence report. Instead, it gave it recommended the full three-point reduction for acceptance of responsibility, which requires among other things that a defendant be truthful. And so I don't think it's appropriate now to argue that Mr. Clunch's account was not truthful when it did not make that argument before the district court. And the district court did not say anything indicating as much. I have a question about a role, going back to that. The roles are essentially an aggravated role, leader, organizer, role neutral and minor role the person who asked him to transport in him. How is he not at least just role neutral? Why is he, in this scenario, and you've only got two people to compare, why does he get minor role? For several reasons. So most clearly compensation. So he was paid a modest fixed amount, $500. We know that one of the two smuggled people was paying $8,500. So that's one component. The other is participating in planning or organizing. The record shows that he did not do that. The nature and extent of participation, Diaz, this court's case from 2018, says that when people are functioning like Mr. Clunch, you're more like an independent contractor doing one job for a fixed fee. That often indicates minor role. But we only know of two people. So let's assume number one guy gets $8,000 and he pays the other guy $500. Because he's taking all, the first man's taking all the risk. What's the judge supposed to compare it to? He can't speculate as to who else was involved in this smuggling venture, right? I understand the frustration of dealing with relatively few facts and only a few participants. However, Diaz does say, so for example, compensation, because we have fixed numbers. That's easy. The average would be making $4,000. If the only other person was making $8,000 and Mr. Clunch was making $500, he would be below that average. Of course, there probably were other people other than the home inspector. It's just that that's all that Mr. Clunch knew. But that's an example of how dealing with two people, it's frustrating, but courts do still have that obligation to deal with what they've got, even if it's a relatively small amount of information. Thank you, Your Honors. Thank you, counsel, for your helpful arguments. Clinch v. The United States will be submitted.
judges: TASHIMA, FORREST, Cardone